UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-91-JPH-DML-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL GRAHAM | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00091-JPH-DML |
| ) | |
| MICHAEL GRAHAM, ) | -03 |
| ) | |
| Defendant. ) | |

## **ORDER**

In May 2020, Defendant filed a pro se motion that the Court construed as a motion for compassionate release under the First Step Act of 2018. Dkt. 204. CJA counsel appeared on Defendant's behalf, dkt. 207, but then withdrew, dkts. 221, 223. Accordingly, Defendant is now pursuing his motion pro se.

On June 25, 2020, the Court also directed the parties to file notices addressing whether Defendant had exhausted his administrative remedies. Dkt. 214. On July 15, 2020, the Court directed Defendant to file an updated notice within 45 days. Dkt. 220. After counsel withdrew, the Court extended the deadline for Defendant to provide an updated notice concerning exhaustion of administrative remedies. Dkt. 224. On August 26, 2020, the Court informed Defendant that, on or before October 7, 2020, he must file a notice addressing the issue. *Id.* On September 14, 2020, Defendant filed an affidavit, but it did not include any information about exhaustion of administrative remedies. Dkt. 227. Accordingly, on September 22, 2020, the Court issued an Order providing Defendant "one additional chance to provide evidence that he has exhausted his administrative remedies." Dkt. 229. The Court directed Defendant as follows:

> It is ORDERED that, on or before **October 26, 2020**, Defendant shall file a notice stating whether he has requested compassionate release from his warden and, if so, the date of his request. If he has made a request to his warden, he should state

2

>   whether he received a response and the date of any response. If Defendant can obtain copies of his request to his warden and the response to that request, he should include those copies with his notice. If he cannot obtain those copies, he should explain why in his notice and describe the contents of the request and any response . . . . **If Defendant does not timely file the notice as directed above or fails to provide sufficient information to conclude that he has exhausted his administrative remedies, Defendant's motion for compassionate release may be denied without further notice.**

*Id.* (emphasis in original).

On October 8, 2020, Defendant filed a notice stating, "In or around May 2020, Graham filed for 18 (USC) 3582, compassionate release, but the prison deletes emails after 60 days and as of today, it does not appear that Graham did not, not request a modification of sentence, as required by institutional rules after the passage of the First Step Act (603)." Dkt. 230. In response, the United States filed a notice arguing that Defendant has failed to prove exhaustion as required by the Court's September 22 Order and stating that it will not waive the exhaustion requirement. Dkt. 231.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020). Here, the government refuses to waive the exhaustion requirement. Dkt. 231. Moreover, despite being given multiple opportunities and several months to do so, Defendant has failed to provide the Court with sufficient information to determine

3

whether he has exhausted his administrative remedies or whether 30 days have passed since he submitted a request for compassionate release to his warden. The Court liberally construes Defendant's October 8 notice to mean that he emailed a request for compassionate release in May 2020 and that he cannot obtain a copy because that email has now been deleted. But Defendant has not provided any of the other information the Court told him it would need to determine whether it can consider his motion for compassionate release—including whether his request was addressed to his warden and the content of his request.

Defendant was warned that his motion for compassionate release could be denied without further notice if he failed to provide sufficient information to conclude that he had exhausted administrative remedies. Dkt. 229. He has failed to do so. Accordingly, his motion for compassionate release, dkt. [204], is **denied without prejudice**. Nothing in this Order prevents Defendant from filing a new motion. If he decides to file a new motion, he may wish to use the Court's form compassionate release motion. That form motion includes a section that allows Defendant to provide information about whether he has exhausted his administrative remedies. The Court notes that, if Defendant has not yet requested compassionate release from his warden, he may make such a request and then wait 30 days before filing a renewed motion with this Court.

The **clerk** is **directed** to enclose a copy of the form Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner) with Defendant's copy of this Order.

**SO ORDERED.**
Date: 10/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

**Distribution:**

Michael Graham
Reg. No. 16254-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

All Electronically Registered Counsel